## J. S. HOFFMAN v. TOM WATKINS, GUARDIAN.

### Decided June 11, 1910.

**1.—Nonresident Minor—Removal of Estate—Statutes.**

The procedure prescribed by chapter 16 of title 51 of the Revised Statutes of this State must be complied with before a nonresident guardian will be entitled to remove from this State the property of his nonresident wards.

**2.—Same—Statute.**

Article 2181, Rev. Stats., is applicable only in cases where the estate of a decedent has been administered in this State and is ready to be partitioned among the heirs and distributees of the estate, and the provisions of article 2558 can not be invoked to make it applicable in the case of nonresident guardians and wards.

**3.—Guardian—Capacity to Sue.**

Letters of guardianship have no legal force or effect beyond the territorial limits of the State in which they are granted; hence, a guardian, as such, can not maintain a suit in one State by virtue of letters of guardianship granted by the Probate Court in a sister State.

Appeal from the District Court of Johnson County. Tried below before Hon. O. L. Lockett.

*Walker & Baker,* for appellant.—The court erred in holding that the plaintiff was entitled to the possession of the $1,800 in defendant's hands, the property of said minors, and in rendering judgment against defendant therefor, and in holding that it was unnecessary for said plaintiff to qualify as guardian of said minors in the State of Texas, or to comply with article 2753 of Sayles' Rev. Stats. of Texas. Sayles' Rev. Stats., title 51, chap. 16.

The appointment of the appellee as guardian by the court of Missouri did not confer on him power or capacity to maintain this suit, as such guardian, in the State of Texas. Clarke v. Webster, 94 S. W., 1088; Webster v. Clark, 99 S. W., 1020; Henry v. Roe, 83 Texas, 446; Moseby v. Burrow, 52 Texas, 404; Simpson v. Foster, 46 Texas, 623; Hynes v. Winston, 54 S. W., 1069.

As the funds belonging to the minors exceeded $500 in value, the District Court had no authority to order the payment of the same to any person other than a guardian duly appointed and qualified under the laws of this State. Art. 3498w, Rev. Stats. as amended by the 31st Legislature; Session Laws 1909, p. 176; Austin v. Colgate, 27 S. W., 896; Texas Cent. Ry. Co. v. Stewart, 20 S. W., 965; San Antonio & A. P. Ry. Co. v. Bowles, 30 S. W., 727.

*Phillips & Bledsoe,* for appellee.—The judgment rendered was correct and no other judgment could have been rendered under the law and facts in this case, and there was no error in the ruling of the court. Title 72, chapter 1, Sayles' Rev. Stats. 1897, arts. 3498u down to 3498y.

TALBOT, ASSOCIATE JUSTICE.—At the January term, 1909, of the District Court of Johnson County, Texas, in a suit prosecuted through their next friends, Mrs. Lillie Reynolds and J. W. Townes, Gracie, Susie and Frankie Reynolds, minors, recovered a judgment against the Gulf, Colorado & Santa Fe Railway Company for the sum of $1,800. This judgment was satisfied by the defendant by the payment of the amount thereof, under the terms of the judgment, to the appellant, the clerk of said court. Gracie, Susie and Frankie Reynolds then removed with their mother to Greene County, Missouri, which place became and is now their permanent home. At the August term, 1909, of the Probate Court of Greene County, State of Missouri, the appellee, Tom Watkins, was appointed guardian of the persons and curator of the estates of said minors, and qualified as required by the laws of that State. Afterwards, Watkins, as such guardian and curator, applied to the District Court of Johnson County, Texas, for an order authorizing and directing the clerk of said court to deliver to him the said funds in his hands belonging to said minors. At the December term, 1909, this application was granted upon the guardian causing a complete transcript of the proceedings wherein he was appointed guardian and curator of the persons and estates of said minors, together with a copy of his bond, etc., properly verified, to be recorded in the office of the clerk of the County Court of Johnson County, Texas. Afterwards such a transcript and copy of bond were so recorded, and Watkins then applied to the appellant for the $1,800 held in the registry of the court by him for said minors. The appellant declined to pay him said funds on the ground that his appointment as guardian and curator by the Probate Court of Greene County, Missouri, did not confer on him authority to receive and remove the same to Missouri, without complying with chapter 16 of title 51 of the Revised Statutes of this State. The appellee declined to, and did not, file bond and obtain letters of guardianship as provided in the chapter and title of the statute above referred to, and did not file a bond of any kind in John-son County, Texas, but, relying on his said appointment in the State of Missouri, instituted this suit. The minors have no guardian in this State and it is the intention of the appellee, if successful in this suit, to remove the funds, the possession of which he seeks to obtain, to the State of Missouri, and there is no evidence that there exists in said

State in favor of the residents of the State of Texas a law similar to the law of Texas as found in chapter 16 of title 51. In a trial before the court judgment was rendered against the appellant for the $1,800, the amount on deposit with him, as the property of the minors, and from this judgment he has appealed.

.The appellant contends, in effect, that the appellee is not authorized to maintain this suit and recover possession of the money in the hands of the appellant for the purpose of removing the same from the State, without first complying with chapter 16, title 51 of our Revised Statutes. On the other hand, the appellee contends, in substance, that, having caused properly verified copies of his appointment and bond as guardian of the persons and estates of the minors, Gracie, Susie and Frankie Reynolds, in the State of Missouri, to be filed and recorded in the clerk's office of Johnson County, Texas, he is, by virtue of article 2181 of the Revised Statutes of this State, entitled to the possession of said money, and is authorized to maintain suit therefor without procuring letters of guardianship of said minors in this State. We agree with the contention of appellant. Like letters testamentary and of administration, letters of guardianship have no legal force or effect beyond the territorial limits of the State in which they are granted, and hence the general rule is that a guardian can not, as such, maintain a suit in one State by virtue of letters of guardianship granted by the Probate Court in a sister State.

Article 2753 of chapter 16, title 51 of our Revised Statutes, is as follows: "Where a guardian and his ward are nonresidents, such guardian may file in the County Court of any county a full and complete transcript from the records of a court of competent jurisdiction where he and his ward reside, showing that he has been appointed and has qualified as guardian of the estate of such ward; which said transcript shall be certified by the clerk of the court in which the proceedings were had under the seal of such court, if there be one, together with a certificate from the judge, chief justice or presiding magistrate of such court, as the case may be, that the attestation to such transcript is in due form; and upon the filing of such transcript the same may be recorded, and the guardian shall be entitled to receive letters of guardianship of the estate of such minor situated in this State, upon filing a bond with sureties, as in other cases, in double the amount of the estimated value of such estate."

Article 2181 of the statute relied on by the appellee to sustain the judgment of the trial court relates to the partition and distribution of a decedent's estate in the Probate Court, and provides that, "If any distributee of such estate be a minor and reside in any other State than this State, and the guardianship of such minor or minors has been granted in the State where such minor or minors reside, it shall be lawful for the executor or administrator in this State to settle with and pay or deliver over to such guardian any and all estate in his hands, which shall be as good and valid as if the guardianship had been granted in this State; provided said guardian, before he receives such estate, shall make and enter into a bond as guardian in the matter of the guardianship so pending, conditioned and for the amount prescribed by the court having jurisdiction of such guardianship," and

shall produce to the court of this State wherein the administration of the estate to be partitioned has been granted, a certified copy of the bond so given and of the record of his appointment as guardian, veri-. fied as prescribed.

The provisions of chapter 16, title 51 of the statute, relate specially to nonresident guardians, prescribes the procedure and conditions upon which they may be appointed guardian in this State of their nonresident wards, and declares there shall be no removal from this State of any of the ward's property until all the debts known to exist against the estate of such ward have been paid or the payment thereof secured by bond payable to the judge of the County Court and approved by the clerk. It is further declared that the benefit of the provisions of this chapter and title of the statute shall not extend to the residents of any State in which a similar law does not exist in favor of the residents of this State. The wisdom of this statute can hardly be questioned. Its specific purpose was to bring a foreign guardian within the control of the courts of this State and impose upon him, as a condition precedent to his right to receive and control property belonging to his ward situated in this State, the necessity of taking out letters of guardianship and the giving of bond as is required of resident guardians, and to prescribe even then the terms and conditions upon which such property may be removed from this State, and, in our opinion, must be given controlling effect in the decision of this case.

Article 2181 is applicable only in cases where the estate of a decedent has been administered in the Probate Court and is ready to be partitioned among the heirs and distributees of said estate. It does not require the payment of the ward's debts or the giving of security therefor before the removal of the ward's property from this State, nor does said statute otherwise lay any embargo upon the removal of the ward's property from this State. Therefore, the provision in chapter 16, prohibiting the removal from this State of any of the property of the ward until all the debts known against the estate have been paid or secured by bond, is necessarily inconsistent with this article of the statute, and article 2558 to the effect that the provisions, rules and regulations which govern estates of decedents shall apply to and govern guardianships whenever the same are applicable and not inconsistent with any of the provisions of title 51 relating thereto, can not be invoked as authorizing the application of said article 2181 to the facts of this case.

It follows that the judgment of the court below should be reversed and judgment here rendered for appellant, without prejudice to such right as appellee may have under the provisions of chapter 16, title 51 of our statute, to the possession and control of the money in controversy, should he hereafter comply with the provisions of said chapter, and it is accordingly so ordered.

*Reversed and rendered.*